The undersigned have reviewed the Award based upon the record of proceedings before the Deputy Commissioner as well as plaintiff's Form 44 Assignments of Error.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
* * * * * * * * * * *
Accordingly, the Full Commission adopt as their own all finding of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon all of the convincing evidence of record, including stipulated documents and testimony adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Lewis B. Nuckles was 52 years of age and a member of the Wake Forest Volunteer Fire Department on March 4, 1982.
2. Prior to March 4, 1982, Lewis B. Nuckles had been participating regularly in training sessions with the Wake Forest Fire Department. These training sessions were meant to duplicate those situations which occur when there is an actual fire.
3. On March 4, 1982, the department was involved with a training exercise. Lewis Nuckles participated initially by helping other firemen remove equipment from a fire truck. Mr. Nuckles, soon thereafter, began to experience some chest pains and went home.
4. Later, on the night of March 4, 1982, Mr. Nuckles died of a heart attack.
5. There was no medical evidence presented at the initial hearing of this matter connecting Lewis Nuckles' death with any activity he may have participated in on March 4, 1982 as a member of the department.
6. Maxine Nuckles is the widow of Lewis Nuckles.
7. The activities Lewis Nuckles was involved in on March 4, 1982 did not constitute extreme exercise or extreme activity. These activities were within the normal course and scope of his official duties with the department.
8. The plaintiff first filed her claim for benefits in 1985, approximately three years after the decedent's death.
9. The State Auditor's Office recommended denial of plaintiff's claim by a memo to Chairman William Stevenson of the North Carolina Industrial Commission, dated July 5, 1985.
10. Chairman Stevenson entered an Order dated July 12, 1985 stating that plaintiff had until January 1, 1986 to request a hearing in this matter, and that if no hearing was requested, then plaintiff's claim shall be denied.
11. Plaintiff did not request a hearing within the time specified.
12. On October 26, 1992 Attorney William J. Austin filed a Notice of Entry on the plaintiff's behalf and also filed a motion for rehearing and reconsideration.
13. By letter dated January 4, 1993, Chairman James J. Booker denied the plaintiff's request for rehearing and reconsideration. In his letter Chairman Booker stated that the Commission had reviewed the case and did not find reason to change the decision.
14. Plaintiff's third attempt to receive benefits under N.C.G.S. § 143-166.1 et seq. occurred when Attorney Johnny Gaskins filed a request for hearing and asked for reconsideration of the earlier decisions.
15. Plaintiff presented no medical evidence regarding the death of Lewis Nuckles at the initial hearing of the above-captioned case, nor submitted any medical evidence to the Deputy Commissioner subsequent to said hearing.
* * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following additional:
CONCLUSIONS OF LAW
1. Because plaintiff failed to request a hearing as ordered in Chairman Stevenson's Order of July 12, 1986, the plaintiff's claim is barred by res judicata and laches. The Commission denied her claim and a final judgment by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties in all other actions involving the same matter. Catawba Memorial Hospital v. N.C. Dept. of Human Resources,112 N.C. App. 557 (1993).
2. Even if the plaintiff's claim was not barred by resjudicata and laches, her claim still fails on the merits. At the initial hearing, plaintiff presented no medical evidence tending to show that the heart attack suffered by Lewis Nuckles resulted from any of his activities on March 4, 1982. Plaintiff did not present sufficient evidence to establish that the activities Mr. Nuckles engaged in as part of his job duties were extreme exercise or extreme activity. Without establishing both of these statutory requirements, the plaintiff's claim must fail. N.C.G.S. § 143-166.2(c).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
ORDER
1. IT IS THEREFORE ORDERED that the plaintiff have and recover nothing and that her claim be DISMISSED WITH PREJUDICE.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
FOR THE FULL COMMISSION
 S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ COY M. VANCE COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/mj 9/4/96